# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50628
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 13, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS ARMANDO AVALOS-NUNEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:13-CR-644-1

Before DeMOSS, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:*

Jesus Armando Avalos-Nunez ("Avalos") appeals the 46-month, within-guidelines sentence imposed following his illegal re-entry conviction. He argues that the sentence is substantively unreasonable and greater than necessary to meet the goals of 18 U.S.C. § 3553(a). Avalos asserts that the Guidelines failed to account for his personal history and circumstances, including that he had lived in the United States legally since he was 16 years

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50628

old, that most of his family lives here, and that his motive for returning was to be with his pregnant wife.  Further, Avalos contends that U.S.S.G. § 2L1.2 is not empirically based and double counted his prior conviction and overstated the seriousness of his criminal history which he characterizes as an international trespass.  He maintains that the presumption of reasonableness should not apply to his sentence because § 2L1.2 is not supported by empirical data, but he acknowledges that the argument is foreclosed by *United States v. Mondragon-Santiago*, 564 F.3d 357 (5th Cir. 2009).

Generally, we review sentences for reasonableness in light of the § 3553(a) factors, applying an abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 49-51 (2007).  Under the bifurcated review process adopted in *Gall*, we first consider whether the district court committed procedural error and next examine the sentence for substantive reasonableness.  *Id.* at 51; *United States v. Johnson*, 619 F.3d 469, 471-72 (5th Cir. 2010).

It is not immediately clear whether Avalos properly preserved his "empirical data" and "double-counting," arguments.  Because Avalos cannot show an abuse of discretion in connection with these arguments, *see Mondragon-Santiago*, 564 F.3d at 366-67; *see also United States v. Duarte*, 569 F.3d 528, 530-31 (5th Cir. 2009), we need not determine which standard of review is applicable here.

In addition, the district court considered Avalos's request for a downward variance and ultimately determined that a sentence within the advisory guidelines range was appropriate under the circumstances and the § 3553(a) factors.  Avalos's arguments that that § 2L1.2 overstates the seriousness of his criminal history and does not take into account his personal history and characteristics are insufficient to rebut the presumption of reasonableness.  *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008);

2

*United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir. 2008); *see also Gall*, 552 U.S. at 51 ("The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court."). We are also unpersuaded by Avalos's argument that his offense was a non-serious trespass. *United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008). Therefore, Avalos has failed to show that his 46-month, within-guidelines sentence is substantively unreasonable.

AFFIRMED.